FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

OCT 26 2026

GARY P. SERDAR
CLERK OF COURT

BY ______________
DEPUTY CLERK

MELISSA HOLYOAK, United States Attorney (#9832)
TODD C. BOUTON, Assistant United States Attorney (#17800)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: todd.bouton@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE SANCHEZ-JUAREZ,<br><br>Defendant. | Case No. 2:26-cr-00158<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Magistrate Judge Dustin B. Pead |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Count 1 of the Misdemeanor Information. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the United States is required to prove in order to convict me.

The elements of Count 1, Theft, Disposal, and Conversion of Government Property, and Aiding and Abetting in violation of 18 U.S.C. §§ 641 and 2 are:

*First:* The handcuffs belonged to the United States government. It does not matter whether the defendant knew that the handcuffs belonged to the United States government, only that the defendant knew they did not belong to the defendant;

*Second:* The defendant stole and converted the handcuffs intending to put them to the defendant's own use or gain and to the use or gain of another, knowing they were not the defendant's and intending to deprive the owner of the use or benefit of the handcuffs, and, without authority, the defendant disposed of the handcuffs; and

*Third:* The value of the handcuffs was less than $1,000.

For the aiding and abetting portion of Count 1, the elements are:

*First:* Every element of the charged crime as outlined above was also committed by someone other than the defendant; and

*Second:* The defendant intentionally associated him- or herself in some way with the crime and intentionally participated in it as the defendant would in something the defendant wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

2. I know that the maximum possible penalty provided by law for Count 1 of the Misdemeanor Information, a violation of 18 U.S.C. § 641, is a term of imprisonment of 1 year, a fine of $100,000, a term of supervised release of 1 year, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $25 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future. I understand that if the count to which I am pleading is an aggravated felony, my removal/deportation will be presumptively mandatory. I have fully discussed these consequences with my lawyer, including the likelihood that the count to which I am pleading is an aggravated felony.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but

is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a. I have a right to the assistance of counsel at every stage of the proceeding.

b. I have a right to see and observe the witnesses who testify against me.

c. My attorney can cross-examine all witnesses who testify against me.

d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

*Count 1 – Theft, Disposal, and Conversion of Government Property and Aiding and Abetting*

On or about October 8, 2025, in the District of Utah, in Salt Lake City, I, George Sanchez-Juarez, helped a handcuffed man flee from federal agents who were attempting to arrest him on suspicion of being illegally present in the United States. I presumed these federal agents were "ICE agents" from U.S. Immigration and Customs Enforcement (ICE).

On that day, my partner, Kelzie Ryann Luna, and I were in a white Volkswagen car. We were stopped for the light on the northeast corner of 2100 South and 300 West in the westbound lanes. A handcuffed man ran across a busy intersection across from a local Home Depot parking lot. He then approached our car and asked for help. We told him to get in our car. He did. And then as a federal agent ran across the street after him, we sped away in our car with the handcuffed man inside to help him evade arrest. At the time we helped him flee, we believed he was being arrested by ICE.

After we helped the handcuffed man escape, we purchased bolt cutters and helped cut the handcuffs off the man.

When my partner and I helped the handcuffed man avoid arrest and when we helped cut off his handcuffs, we knew the handcuffs belonged to the federal government (the United States of America). We helped cut off the handcuffs so that the handcuffed man could continue to evade law enforcement, knowing that doing so would deprive federal law enforcement officers of the ability to use the handcuffs to help them to apprehend him. When we helped cut off the handcuffs, we knew that we did not have authority or the government's authorization to cut them off the handcuffed man.

I admit that my conduct violated 18 U.S.C. §§ 641 and 2 and that it constituted Theft, Disposal, and Conversion of Government Property, and Aiding and Abetting.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count 1 of the Misdemeanor Information.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 2 weekends or 4 straight days' imprisonment, a $600 fine, $28 in restitution, and 6 months of supervised release, which I agree is a reasonable sentence.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 2 weekends or 4 straight days of imprisonment will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 2 weekends or 4 straight days of imprisonment, I understand that the United

States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

d. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, including any sentence imposed upon a revocation of supervised release or probation, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5) Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Financial Enforcement and Collection.** I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due and payable immediately and subject to the immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the probation office and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program and State Finder so that any federal payment or transfer of returned property I receive may be offset and applied to federal debts in addition to and above amounts set forth in any payment plan.

g. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means.

Under 18 U.S.C. § 3663(a)(3), I agree to pay restitution, in the amount of $28, to U.S. Immigration and Customs Enforcement (ICE) at the time of sentencing. I agree to pay this specific restitution, joint and several with any codefendants, and agree that this amount should not be reduced or increased through apportionment of liability under 18 U.S.C. § 3664(h).

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and,

pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

1. I am 22 years of age. My education consists of High school graduat. I can read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this 26th day of October, 2026.

GEORGE SANCHEZ-JAUREZ
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 24 day of October, 2026.

CAROLYN PERKINS
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 26th day of October, 2026.

MELISSA HOLYOAK
United States Attorney

TODD C. BOUTON
Assistant United States Attorney